# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAYLOR ENERGY COMPANY LLC,   )<br>               Plaintiff,   )<br>vs.                            )<br>                            )<br>UNITED STATES OF AMERICA,   )<br>ACTING BY AND THROUGH THE   )<br>UNITED STATES COAST GUARD   )<br>NATIONAL POLLUTION FUNDS CENTER, )<br>               Defendant.   )<br>                            )<br>_____)   ) | CIVIL ACTION NO.: 20-01086 (JDB) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO STRIKE SELECT TECHNICAL REPORTS FROM THE ADMINISTRATIVE RECORD**

CARL D. ROSENBLUM, T.A.
ALIDA C. HAINKEL
LAUREN C. MASTIO
TAYLOR K. WIMBERLY
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8296
E-mail: crosenblum@joneswalker.com

And

PAUL A. DEBOLT
Venable LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Email: PADebolt@Venable.com

*Attorneys for Taylor Energy Company LLC, Plaintiff*

{N4051819.2}

Plaintiff, Taylor Energy Company LLC ("Taylor Energy"), through its undersigned counsel, respectfully submits this reply in further support of its Motion to Strike Select Technical Reports from the administrative record (ECF 25). Defendant, the United States of America, acting by and through the United States Coast Guard National Pollution Funds Center ("NPFC"), improperly sought to manipulate the content of the administrative record so as to ensure the inclusion of its own "New" Technical Reports (defined below), while strategically foreclosing any opportunity for Taylor Energy to respond to such reports. Such action is in violation of the express regulatory procedure, the purpose for a reconsideration process, and Taylor Energy's due process rights. As such, Taylor Energy is seeking to *strike* the "New" Technical Reports.

Despite the NPFC's efforts to move the target and re-frame the issue, Taylor Energy is ***not*** requesting an opportunity to submit rebuttal evidence. Indeed, neither its Complaint nor this Motion to Strike ask this Court to remand the case for further administrative proceedings so as to allow Taylor Energy an opportunity to submit additional evidence. The NPFC's arguments in its Opposition therefore "miss the mark" and fail to address the express regulatory language or offer any legitimate explanation for its manipulative and end-motivated actions (other than its argument that the NPFC can in its "discretion" essentially do whatever it wants).

The entire thrust of the NPFC's Opposition misses the mark with respect to the relief sought in Taylor Energy's Complaint and Motion to Strike. Taylor Energy is not seeking an opportunity to submit rebuttal evidence; rather, the issue is simply whether it was legally permissible for the NPFC (not Taylor Energy) to submit new evidence at the reconsideration stage. As such, the NPFC's construction and argument, and its heavy reliance on *Bean Dredging* (which addressed

rebuttal evidence on remand) is completely irrelevant to the Court's consideration of this Motion.[1] And, in its limited discussions of the correct issue raised in this Motion (see ECF 36 at p. 9), the NPFC cites no authority whatsoever. This reply addresses the NPFC's efforts to ignore the plain language of its own regulations and the faulty legal theories employed by the NPFC in support of its position.[2]

Taylor Energy's Motion to Strike raises various issues implicated by the NPFC's conscious manipulation of the administrative record, including the NPFC's violation of the plain language of the applicable regulations, the purpose for "reconsideration," and the clear violation of Taylor Energy's due process rights at *both* the informal administrative and formal judicial review stage. Each of these arguments carry its own force and must be considered in light of the relief sought by Taylor Energy and the applicable law - not as the NPFC seeks to move the target.

## I.    The NPFC's Action is in Violation of its Own Regulations and Contrary to Law.

From the outset, the NPFC frames its argument in an effort to conflate the reconsideration process, on the one hand, with the original claim denial, on the other hand. And, it seeks to gloss

---

[1] Nor is the holding in *Pension Benefit Guarantee* relevant to this Motion. Unlike here, where the NPFC attempts to add new evidence at the reconsideration stage, *Pension Benefit Guarantee* was in an entirely different context and that court did not consider a party's due process rights.

[2] This Court should give no credence to the NPFC's suggestion that Taylor Energy's Motion is premature. *See* ECF 36 at 2, n. 2. Had the NPFC timely filed its certified index of the administrative record, the certified index would currently be before the Court; therefore, Taylor Energy should not be prejudiced by the NPFC's inadvertent violation of the Court's local rule. Moreover, the NPFC has not and cannot deny its intention to include the "New" Technical Reports in the administrative record. To the contrary, it takes the affirmative position that such reports are properly part of the administrative record. At bottom, Taylor Energy is simply attempting to proactively address this issue, which will undoubtedly impact the scope and content of the dispositive motions to be filed in this case. However, to the extent that this Court believes that Taylor Energy's Motion is premature, it can simply postpone its consideration of the Motion until the filing of the certified index of the administrative record, which has now been ordered by August 31, 2020. *See* ECF 37.

over the fact that there is an express process and procedure set forth in the regulations (*see* ECF 36 at 4-5) - that it is very clearly a two-step process. *See* 33 C.F.R. § 136.115. Indeed, the process and procedure governing the NPFC's adjudication of reimbursement claims by Responsible Parties is set forth in the regulations and it provides for first an initial claim process and second a process for reconsideration. The reconsideration process expressly provides Taylor Energy, as claimant, with an opportunity to submit additional evidence but not the NPFC. *See* 33 C.F.R. § 136.115. Disposition of the reconsideration request constitutes "final agency action" under OPA. *See* 33 C.F.R. § 136.115(d). Moreover, the NPFC's unsubstantiated conclusory statement that it "has always interpreted the OPA and its own regulations to allow it to consider additional relevant information, in addition to that submitted by the claimant . . . during reconsideration" (ECF 36 at 9-10), is legally improper and just plain wrong.

Here, the Claim Determination failed to address much of the evidence submitted by Taylor Energy with its Claim. Instead, the NPFC waited until the Reconsideration Denial to address matters raised in and evidence in support of Taylor Energy's Claim. In fact, with the exception of one report (*i.e.,* the third Pettigrew Report), the "New" Technical Reports all addressed Taylor Energy's ***initial Claim***. None reviewed, nor commented upon, Taylor Energy's Reconsideration Request or the expert rebuttal reports that Taylor Energy submitted with its Reconsideration Request. By issuing its Claim Determination without reliance on various expert reports already being compiled in response to the Claim and then only disclosing and relying on these reports in its Reconsideration Denial (yet largely only addressing matters set forth in the initial Claim), it is apparent that the NPFC's action was end-motivated. This Court should not allow the NPFC to consciously and in bad faith manipulate the content of the administrative record.

Other than its unsupported assertion that it has "always interpreted" its regulations to allow it to consider additional information at the reconsideration stage, and that "[i]t has never read § 136.115(d) as placing any limitation on its ability to consider additional information on reconsideration," the NPFC does not provide any legal or factual justification for its contention or actions. ECF 36 at 9-10. Indeed, the NPFC fails to cite *any* law supporting its purported entitlement to offer new evidence after Taylor Energy seeks reconsideration, or to use that as an opportunity to *post-hoc* rationalize its initial Claim Determination. Again, the law gives the ***claimant*** the right to submit "additional support" in response to the Claim Determination, not the NPFC. And, the rules of construction equally applicable to regulations and administrative agencies dictate that such an omission should be treated as an exclusion. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("[W]hen a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions."); *Act Now to Stop War & End Racism Coal. v. District of Columbia*, 286 F.R.D. 117, 129 (D.D.C. 2012) (internal quotation omitted). [3]

The express language of the regulations and the whole intent of the "***reconsideration***" process is to give Taylor Energy the right to respond to the Claim Determination and offer additional support in response thereto. [4] The NPFC stripped Taylor Energy of that right by withholding the identity and opinions of its experts. It is the NPFC's evidence that Taylor Energy is seeking to strike because the NPFC did not have the right to submit new, additional evidence at

---

[3] The NPFC's citation to the *New Life Evangelistic Cntr., Inc. v Sebelius*, 753 F. Supp. 2d 103 (D.D.C. 2010) case is not inconsistent with this cannon of construction.

[4] This is precisely what Taylor Energy did. On reconsideration, Taylor Energy submitted reports that addressed the arguments and evidence cited by the NPFC in the Claim Determination. However, it could not request reconsideration (and the NPFC could not reconsider) or otherwise address justifications that were not included in the Claim Determination.

the reconsideration stage and thereby strip Taylor Energy of its constitutional and regulatory right to respond to the information offered by the NPFC in support of its denial.

Instead, the NPFC resorts to a "reasonable" interpretation justification urging that "Taylor Energy's approach would incentivize claimants with weak claims, to submit as little evidence as possible with their initial claims. Thereafter, such claimants would submit the remainder of their evidence on reconsideration, and the NPFC would have to accept this evidence without considering anything else." ECF 36 at 10. First, that is not what happened here. Taylor Energy submitted a very thorough and well-supported Claim, providing extensive evidence in support thereof.[5] Moreover, the NPFC had the opportunity to address such matters, for the first time, in its Claim Determination, and there is no justification for the NPFC waiting to address such matters in its Reconsideration Denial.

Notwithstanding the foregoing, the Court should consider the flip–side of the NPFC's example. It would be absurd if the NPFC could simply deny a claim in a summary fashion, without any details or evidence whatsoever. And then, only if a party seeks reconsideration, it subsequently comes forward with evidence and multiple expert reports justifying its decision that will be deemed the "final agency action." Such a construction would render the entire two-step process meaningless. Ultimately, the NPFC has the administrative decision making authority only subject to judicial review based upon the administrative record; therefore, there is unquestionably more risk, more profound prejudice, and more relevancy to the present situation in Taylor Energy's example.

---

[5] And, the NPFC has so acknowledged. *See* ECF 36 at 4, n. 5.

In summary, the express regulatory language and the very purpose of the reconsideration process is to afford the ***claimant*** the opportunity to provide additional information in support of its claim. The regulation makes no provision for the NPFC to raise new evidence or supplement its initial determination on reconsideration. 33 C.F.R. § 136.115(d). The NPFC may only review the original basis of its denial and any new support submitted by the claimant. *See id.*, 923 F.2d at 757; *Act Now to Stop War & End Racism Coal.*, 286 F.R.D. at 129. By intentionally withholding information regarding the additional experts and their opinions, the NPFC deprived Taylor Energy of an opportunity to submit additional support for its Claim, the very purpose and intent of the reconsideration process set forth in 33 C.F.R. § 136.115(d). Further, it acted in violation of the governing regulations. *See* 33 C.F.R. § 136.115(d). Consistent with this Court's ruling in *Water Quality Insurance Syndicate* striking new materials, the NPFC cannot simply act in violation of its own regulations and do whatever it pleases; rather the "New" Technical Reports should be struck from the administrative record. *See Water Quality Insurance Syndicate v. United States,* 225 F.Supp 3d 41, 65-67 (D.D.C. 2016) (applying the NPFC's regulations and granting the claimant's motion to strike the materials pertaining to the reconsideration request from the administrative record); *see also Raytheon Co. v. United States*, 121 Fed. Cl. 135, 159 (2015).

## II.     The NPFC's Action is in Violation of Taylor Energy's Due Process Rights.[6]

The NPFC fails to offer any explanation for its action. Rather, the argument that the Government seems to advance is that, because Congress did not mandate that the NPFC engage in a formal adjudication of a Responsible Party's claims under OPA, the agency can essentially do whatever it wants, without regard to a claimant's constitutional protections. The argument that a

---

[6] This is not a "threshold question" as the NPFC suggests (ECF 36 at 11). Rather it is an independent issue raised on judicial review.

statute can displace a party's constitutional rights is obviously wrong. Even the cases relied upon by the NPFC do not support such a complete abrogation of all due process protections.

The NPFC cites *Pension Benefit Guarantee Corp. v. LTV Corp.*, 496 U.S. 633 (1990) for the proposition that parties to informal agency adjudications "have no right to additional procedures not provided by federal statute or by regulations." ECF 36 at 2. But, that case is inapposite because here, the NPFC's actions are in direct violation of the NPFC's own regulations. Moreover, in *Pension Benefit Guarantee,*[7] the Supreme Court held that a party is not entitled to more procedural protections in an informal adjudication than those provided in the APA. Indeed, this was unless the Due Process Clause requires them and the Supreme Court specifically noted that the appellant had ***not*** raised a due process claim. *See* 496 U.S. at 655-656. Since the appellant did not raise a due process claim, and since the Supreme Court specifically did not address whether the alleged procedural deficiencies constituted a violation of the Due Process Clause, *Pension Benefits Guarantee* cannot stand for the proposition that the Due Process Clause does not protect a party in an informal agency adjudication concerning property rights constitutionally protected. Nor does *Pension Benefits Guarantee* address what rights the Due Process Clause confers on a claimant in such a proceeding. It is simply inapplicable to the situation presented here.

The government also argues that *Pension Benefit Guarantee* limited the holding in *Bowman Transportation Co. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281 (1974). ECF 36 at 7. However, *Pension Benefit Guarantee* did not refer to, discuss, or characterize as *dicta*,

---

[7] In *Pension Benefit Guaranty*, the Supreme Court reviewed whether the decision of Pension Benefit Guaranty Corporation to restore certain pension plans under § 4047 of the Employee Retirement Income Security Act of 1974 ("ERISA"), was arbitrary and capricious or contrary to law, within the meaning of § 706 of the Administrative Procedure Act ("APA").

*Bowman Transportation's* recognition that "the Due Process Clause forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation."[8] Notably, *Bowman Transportation* cited two previous Supreme Court decisions as precedent for that proposition, neither of which has been overturned. 419 U.S. at 288, n. 4 (citing *Ohio Bell Telephone Co.* v. *Public Utilities Comm'n*, 301 U.S. 292 (1937); *United States* v. *Abilene & S. R. Co.*, 265 U.S. 274 (1924)).[9] The NPFC's conduct at issue here, unless the "new" evidence is stricken, attempts to do exactly that.

The NPFC further asserts that a claimant in an informal adjudication "has only the procedural rights afforded by Congress or by the agency itself." ECF 36 at 8. That proposition is true but not relevant. It ignores the reconsideration process expressly set forth in the regulations and Taylor Energy's due process rights. *New Life Evangelistic Cntr., Inc. v Sebelius*, 753 F. Supp. 2d 103 (D.D.C. 2010), did not hold that the Due Process Clause is inapplicable to informal agency adjudications of claims involving property rights. In fact, the Due Process Clause is not even mentioned in the *New Life Evangelistic Cntr.* case. Rather, it involved the denial of an application by a charity seeking the receipt of surplus government property; it does not support the NPFC's position that Taylor Energy was not entitled to due process of law with respect to review and the subsequent denial of its Claim, which is a recognized property right.

Moreover, despite the NPFC's repeated representations that *Bean Dredging, LLC v. United States,* 773 F. Supp. 2d 63 (D.D.C. 2011) is "virtually on all fours with this one", ECF 36 at n. 3,

---

[8] And, the fact that *Bowman Transportation* recognized additional protections in a formal proceeding does not mean **no** constitutional protections exist in an informal adjudication.

[9] Nor does *Bean Dredging* or *Pension Benefit Guarantee* stand for the proposition that Taylor Energy has no, even minimal, due process rights during an informal administrative process.

12-13, n. 12, it is not. *Bean Dredging* is inapplicable because it does not implicate the express terms of the regulation at issue here regarding the two-step process, and more particularly reconsideration. Indeed, *Bean Dredging* addressed whether the **claimant** was entitled to submit new evidence on **remand**, not whether the NPFC was entitled to submit new evidence at the reconsideration stage. The issue presently before this Court is different.

Taylor Energy is not seeking to offer new evidence or supplement the administrative record. Rather, its Motion to Strike is based on the fact that the NPFC cannot submit new evidence (and particularly that which solely addresses the initial Claim) at the reconsideration stage. *Bean Dredging* did not analyze whether the regulation that specifically addresses Taylor Energy's rights during the reconsideration process, 33 C.F.R. § 136.115(d), provides the NPFC with the right to engage in the tactics that it employed by (a) withholding evidence and (b) offering new evidence relating to the initial Claim (as opposed to the Reconsideration Request) on reconsideration. The regulations clearly do not confer this right on the NPFC. Rather, the reconsideration process is expressly set forth in the regulations and only provides that Taylor Energy may submit "additional support", not the NPFC. And, again, this is consistent with the purpose of "reconsideration". In short, *Bean Dredging* is inapposite as it concerns a completely different scenario not raised in the instant Motion.

At bottom, the law relied upon by the NPFC does not support a complete abrogation of due process protections in connection with an informal adjudication. Neither a statute or regulations can displace Taylor Energy's constitutional due process rights. Additionally, including the "New" Technical Reports in the administrative record constitutes a further violation of Taylor Energy's due process rights. *See United States v Abilene & S.R. Co., 265 U.S. 274 (1924)*; *Ambuild Co., LLC v United States*, 119 Fed. Cl. 10, 24-26  (2014); *see also Storms v United States*, 2017 U.S.

Dist. Lexis 95149 (E.D.N.Y. 2017). This Court should strike the "New" Technical Reports from the administrative record and review the NPFC's final agency action in their absence. Any other result would not only be in violation of the law, but it would be grossly unfair and highly prejudicial to Taylor Energy.

## **CONCLUSION**

The only issue raised in this Motion to Strike is whether, during the reconsideration stage, the Government can add and rely upon new evidence for its "final agency action." This is directly contrary to the express regulatory process and purpose, and there is no law (and the Government cites no law) that supports this. For the reasons  discussed in its original Memorandum of Points and Authorities in Support of its Motion to Strike (ECF 25-1) and herein, the NPFC must be held accountable for its bad faith manipulation of the content of the administrative record, its conscious failure to comply with its own regulatory procedure, and its violation of Taylor Energy's due process rights. The Court should grant Taylor Energy's Motion and strike the two "New" Pettigrew Reports and the reports of American Bureau of Shipping Group Consulting, Inc. (ABSG), David Evans and Associates (DEA), GZA Environmental, Inc. (GZA), and Norwegian Geotechnical Institute (NGI) from the administrative record.

DATED this 26th day of August, 2020.

Respectfully submitted,

*/s/ Carl D. Rosenblum*
CARL D. ROSENBLUM, T.A. (LA #02083)
(Admitted *Pro Hac Vice*)
ALIDA C. HAINKEL (LA #24114)
(Admitted *Pro Hac Vice*)
LAUREN C. MASTIO (LA #33077)
(Admitted *Pro Hac Vice*)
TAYLOR K. WIMBERLY (LA #38942)
(Admitted *Pro Hac Vice*)
Jones Walker LLP

201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8296
E-mail: crosenblum@joneswalker.com

And

*/s/ Paul A. Debolt*
PAUL A. DEBOLT (DC Bar No. 450904)
Venable LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Email: PADebolt@Venable.com

**Attorneys for Taylor Energy Company LLC,
Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 26th day of August, 2020, a true and correct copy of the foregoing

pleading was filed electronically with the Clerk of Court of the District of Columbia by using the

CM/ECF system, which provides notice of filing to all counsel of record by electronic means.

*s/ Carl D. Rosenblum*
CARL D. ROSENBLUM